IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| REALOGICHR, LLC, | ) | |
| | ) | |
| | ) | 2:22-CV-01573-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant, | | |

OPINION

Plaintiff, RealogicHR, LLC, brings the within action against Defendant, Continental Casualty Company, for Breach of Contract (Count I) and Bad Faith under Pa.C.S. § 8371 (Count II).  (ECF No. 1-2).

Continental has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of RealogicHR, LLC's Complaint.  (ECF No. 5).   The matter is now ripe for consideration.

Upon consideration of RealogicHR's Complaint (ECF No. 1-2), Continental's Motion to Dismiss (ECF No. 5), the respective responses and briefs of the parties (ECF Nos. 6, 7, 8, and 9), and for the following reasons, Continental's Motion to Dismiss will be granted.  Leave to amend will not be granted as any amendment will be deemed futile, and RealogicHR's case will be dismissed.

I.   Background

RealogicHR provides staff augmentation in the form of temporary and permanent placements of registered nurses, licensed practical nurses and certified nursing assistants.  (ECF

No. 1-2 at ¶ 4). RealogicHR obtained a business insurance policy through Continental. *Id*. at ¶ 5.

RealogicHR alleges that a covered claim arose under the Policy when two of its employees, who were staffing an assisted nursing facility, were accused of misconduct against patients. (ECF No. Doc. 1-2 at ¶¶7-12.  ReallogicHR received notice of its employees alleged conduct and conducted an investigation. *Id*. at ¶¶11-12.  A patient's family retained counsel, who threatened legal action against RealogicHR and circulated a draft complaint. *Id*. at ¶13. RealogicHR, which was identified in the draft complaint, then negotiated a resolution of the claim with the patient's counsel, who had threatened legal action. *Id*. at ¶ 14. RealogicHR avers it entered into a settlement of the claim on March 11, 2022, and "promptly paid the claim." *Id*. at ¶¶16-17.

After reaching the settlement, RealogicHR notified Continental of the claim and settlement and sought reimbursement of the settlement funds. *Id*. at ¶18. Continental denied coverage for the claims because RealogicHR did not seek consent, pursuant to the terms of the Policy, before entering into a settlement. *Id*. at ¶ 21.  RealogicHR alleges that Continental acted in bad faith because it lacked a reasonable basis to deny coverage and failed to investigate the claim. *Id*. at ¶ 36.

In its Motion to Dismiss, Continental argues RealogicHR cannot establish that Continental breached the Policy because, 1) RealogicHR breached the Policy by settling the claim without Continental's consent; 2) RealogicHR's Complaint is barred by the Policy's "no action" clause; and 3) RealogicHR's failure to notify Continental of the claim before reaching a settlement is prejudicial as a matter of law.  Further, Continental asserts that RealogicHR fails to state a claim for statutory bad faith.

II.     Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.   Discussion

A. Breach of Contract

Continental argues RealogicHR cannot establish that Continental breached the Policy because RealogicHR, itself, 1) breached the Policy when it settled the subject claim without Continental's consent; 2) because RealogicHR's Complaint is barred by the Policy's "no action"

4

clause; and 3) because RealogicHR's failure to notify Continental of the claim before reaching a settlement is prejudicial to Continental as a matter of law.

The insuring agreement of the Businessowners Liability Coverage Form provides, in relevant part, that Continental will "pay those sums that [Realogic] becomes legally obligated to pay because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies." (ECF No. 5-1 at p. 142). The Policy further states that Continental has "the right and the duty to defend the insured against any 'suit' seeking those damages." *Id*. Continental may also "at [its] discretion, investigate any 'occurrence' or any offense and settle any claim or 'suit' that may result." *Id*.

Coverage under the Businessowners Liability Form is subject to certain conditions, including duties imposed on RealogicHR in the event of an occurrence, claim or suit:

> E. Businessowners Liability Conditions
> \* \* \*
> 2. Duties in the Event of Occurrence, Offense, Claim or Suit
> \* \* \*
> d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*Id*. at p. 153 ("voluntary payment clause"). The Businessowners Liability Form Conditions also state that no person or organization has a right to sue under the policy unless all of the Policy's terms have been complied with ("no action clause"):

> E. Businessowners Liability Conditions
>
> \* \* \*
>
> 4. Legal Action Against Us
>
> No person or organization has a right under this policy:
>
> \* \* \*

> b. To sue us on this policy unless all of its terms have been fully complied with. A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of lability signed by us, the insured and the claimant or that claimant's legal representative.

*Id*.

In its response, RealogicHR concedes that it did not provide notice to the Continental as required under the Policy. However, RealogicHR maintains that, under Pennsylvania law, such a deficiency is not, in and of itself, fatal to a claim under an insurance policy. RealogicHR contends that the notice requirement only serves to protect the insurance company's interests from being prejudiced. It argues that Continental's interests were not harmed by late notice, and Continental is not relieved of liability under the Policy.

In reply, Continental argues that, under Pennsylvania law, RealogicHR's failure to provide notice prior to settling is prejudicial as a matter of law. Accordingly, Continental contends that RealogicHR's arguments, as regards no harm to Continental's interests and reliance on underinsured motorists ("UIM") consent-to-settle cases, are inapplicable.

The interpretation of an insurance contract is a matter of law for the court. *Lexington Ins. Co. v. W. Penn. Hosp.*, 423 F.3d 318, 323 (3d Cir. 2005) (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999)). Where a provision of an insurance policy is clear and unambiguous, it must be enforced as written. *See West v. Lincoln Ben. Life Co.*, 509 F.3d 160, 169 (3d Cir. 2007); *Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 606, 735 A.2d 100, 106 (Pa. 1999) ("Where … the language of the contract is clear and unambiguous, a court is required to give effect to that language.").

Here, the Policy unambiguously required RealogicHR, if it wanted to make a claim and procure settlement reimbursement, to obtain consent from Continental before it voluntarily made a settlement payment. Insurance policies contain mutual obligations of the insured and insurer that require an adherence to set expectations and procedures. When performance of a duty under a contract is due, any nonperformance is a breach. *Widmer Engineering, Inc. v. Dufalla,* 837 A.2d 459, 467–468 (Pa. Super. Ct. 2003). If a breach constitutes a material failure of performance, the non-breaching party is relieved from any obligation to perform; thus, a party who has materially breached a contract may not insist upon performance of the contract by the non-breaching party. *McCausland v. Wagner*, 2013 PA Super 256, 78 A.3d 1093, 1101 (Pa. Super. Ct. 2013). RealogicHR failed to perform under the Policy by failing to obtain consent to voluntarily pay a settlement; and, such non-performance, breached the contract. Therefore, RealogicHR cannot insist on Continental's performance.

Further, the "no-action clause" of the Policy expressly precludes any right to sue Continental, unless the insured complied with all terms of the Policy. Here, because RealogicHR investigated, negotiated, settled, and paid the claim without knowledge or consent of Continental, RealogicHR did not comply with the terms of the Policy. Therefore, RealogicHR has no right to sue Continental.

Finally, RealogicHR's argues that payment is required because the settlement saved money in the whole scope of the claim, such that reimbursement of the settlement funds by Continental would not prejudice Continental. Therefore, RealogicHR asserts its policy rights for recovery should be enforced. Continental argues both actual prejudice and prejudice as a matter of law precludes recovery by RealogicHR.

As regards prejudice, "this court may, if appropriate under the facts presented, find prejudice or the lack thereof as a matter of law." *Granary Assocs., Inc. v. Evanston Ins. Co.,* No. 99–5154, 2000 WL 1782544, at *6 (E.D.Pa. Dec.5, 2000); *see also Continental Cas. Co. v. Castlewood Corp.,* No. 88–4152, 1990 WL 131073, at *2 (E.D.Pa. Sept.6, 1990) (acknowledging that a court may, if appropriate under the circumstances, find prejudice to an insurer as a matter of law). Prejudice is found as a matter of law where "notice is first supplied when the insured's liability is a *fait accompli." United Nat'l Ins. Co. v. Admiral Ins. Co.,* No. 90–7625, 1992 WL 210000, at *6 (E.D.Pa. Aug.19, 1992). Accordingly, post-settlement notice is prejudicial. As the *Granary* court observed:

> [T]he insurer has a valid claim of prejudice when notice comes after the insured has formally settled the matter. The insurance company would justifiably resist paying a settlement in those circumstances when it was deprived of counsel of its choosing to oversee the matter and to negotiate, if possible, an acceptable resolution to the controversy. On the other hand, [when liability] is clear and the calculation of damages [is] merely an arithmetical exercise, the insurer does not have a valid claim of prejudice.

*Granary,* 2000 WL 1782544, at *7. Pennsylvania forgives untimely notice only where the insurer is "afforded the opportunity to participate in the proceedings arising from a claim before the liability of its insurers becomes fixed." *United Nat'l,* 1992 **WL** 210000, at *6. In *United National,* the insurer did not receive notice of the underlying claim until five days after settlement. *Id.* The court stated that this timing afforded the insurer "no opportunity to investigate the facts underlying the ... claim or to participate in the defense of the action or any proceedings connected with it" and that the insurer was therefore "prejudiced as a matter of law." *Id.*

Because notice was provided to Continental only after REalogicHR's liability was *fait accompli*, the Court presumes prejudice as a matter of law. RealogicHR's conduct did not afford

8

Continental or its appointed counsel an opportunity to evaluate coverage, liability, exposure, and damages or participate in negotiations. As such, Continental in this case was prejudiced as a matter of law. RealogicHR has no legal basis to sue under the Policy. Unlike the UIM cases cited by RealogicHR, which involved a subrogation aspect rather than the insured's liability, the present facts and circumstances, which are conceded in the Complaint, provided Continental zero opportunity to manage risks and balance the financial needs of its insureds. The subject Policy does not contemplate a carte blanche, no-questions-asked, reimbursement scheme. RealogicHR cannot expect to operate on its own, and without the knowledge or consent of Continental, whenever the risk of litigation or other claims occur. Therefore, RealogicHR's breach of contract claim fails as a matter of law.

Accordingly, Continental's Motion to Dismiss, as regards Count I, will be granted.

B. Bad Faith

Next, Continental contends that RealogicHR fails to state a claim for statutory bad faith because Continental had a reasonable basis to deny coverage and because RealogicHR failed to allege sufficient facts in its Complaint to support its claim that Continental failed to investigate. RealogicHR argues that Continental's cursory dismissal of its claim was insufficient to satisfy obligations to investigate the claim in good faith. Further, RealogicHR maintains that any determination of bad faith claims in Pennsylvania depends upon a factual inquiry.

The bad faith statute in Pennsylvania provides as follows:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1)   Award interest on the amount of the claim from the date of the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%.

(2)   Award punitive damages against the insurer.

>	(3)	Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. §8371. "[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). "Resolution of a coverage claim on the merits in favor of the insurer requires dismissal of a bad faith claim premised on the denial of coverage, because under the circumstances the insurer necessarily has a reasonable basis for denying benefits." *Gold v. State Farm Fire and Cas. Co.*, 880 F. Supp. 2d 587, 597 (E.D. Pa. 2012) (citing *Frog, Switch, & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n. 9 (3d Cir. 1999)).

>	Here, as the Court analyzed above for the breach of contract claim, Continental had a reasonable basis to deny coverage for payment of the settlement because RealogicHR failed to provide notice of the claim or seek consent for the settlement before entering into it. The Policy expressly provides that an insured may not, except at its own cost, make a voluntary payment, assume any obligation or incur costs without Continental's consent. Therefore, RealogicHR's bad faith claim, which, in part is premised on Continental's denial of coverage, fails as a matter of law.  Furthermore, RealogicHR's bad faith claim, premised on a failure to investigate, likewise fails.  The facts as alleged in the Complaint presents an unequivocal perspective on whether Continental should have investigated further.  RealogicHR's contentions, regarding necessity for  a factual inquiry, are unavailing because the pertinent facts germane to prejudice and voluntary payment are not in dispute.  The resulting legal conclusions require no additional factual inquiry.  Therefore, RealogicHR is unable to maintain a statutory bad faith claim.

Accordingly, Continental's Motion to Dismiss, as regards Count II, will be granted.

IV.     Conclusion

Based upon the foregoing, Continental's Motion to Dismiss will be granted, and the Complaint dismissed. As the facts averred in the Complaint clearly set forth that RealogicHR may not recover for breach of contract or statutory bad faith as a matter of law, any amendment is deemed futile. A separate order will follow.

DATED this 23rd day of December, 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge